# UNITED STATES DISTRICT COURT
## For the
## *Southern* DISTRICT of NEW YORK

--------------------------------------------------------------------------------

Mr. Sylvester L. Henry, Ex Rel
[SYLVESTER L HENRY]
66 Stirling Avenue, Freeport, NY 11520

                Plaintiff(s)

-against-

WELLS FARGO BANK N.A.AS TRUSTEE
FOR BEAR STEARNS MORTGAGE FUND
TRUST 2006-AC1, ASSET-BACKED
CERTIFICATES, SERIES 2006-AC1

In care of: Registered Agent
c/o CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

                Defendant(s)

STEVEN J. BAUM, P.C.
In care of: Registered Agent
c/o NATIONAL REGISTERED AGENTS, INC.
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

                Defendant(s)

Case No:

# 18CV5752

Premises Address:
66 STIRLING AVENUE
FREEPORT, NY [11520]

## COMPLAINT

### Notice of Removal for CIVIL Case

No Hearing Set:

No Time Set:

Presiding Judge: _____

NOTICE OF VERIFIED COMPLAINT

--------------------------------------------------------------------------------

# VERIFIED COMPLAINT

The Plaintiff and Party in interest, Mr. Sylvester Henry, Ex Rel SYLVESTER L. HENRY, the legal Grantee/Grantor for legal title herein referenced and lawful Beneficiary for Equitable title herein referenced hereafter "Plaintiff", petitions the court to declare that the activities of the agents for Defendants, WELLS FARGO BANK N.A., et al and STEVEN J. BAUM, P.C., et al, collectively the "Defendant(s)" are / have engaged in Act s or course of deception, an intentional concealment, omission, or perversion of truth, to (1) gain unlawful or unfair advantage, (2) induce another to part with some valuable item or surrender a legal right, or (3) inflict injury/damage in some manner against the Plaintiff herein

referenced. Accordingly Defendants are / have engaged in act that constitutes VERIFIED COMPLAINT FOR BREACH OF TRUST, FAIR DEBT COLLECTION PRACTICING ACT VIOLATIONS, WILLFUL FRAUD, MISREPRESENTATION, OMISSIONS, WRONGFUL FORECLOSURE PROCEDURES AND LACK OF FULL DISCLOSURE against the Plaintiff herein referenced. Plaintiff(s) respectfully request the indulgence of this court as Plaintiff(s) is not schooled in law.

VERIFIED COMPLAINT FOR BREACH OF TRUST, FAIR DEBT COLLECTION PRACTICING ACT VIOLATIONS, WILLFUL FRAUD, MISREPRESENTATION, OMISSIONS, WRONGFUL FORECLOSURE PROCEDURES AND LACK OF FULL DISCLOSURE

FDCPA Issues

- INCORRECT LOAN NUMBER
- Contract
- Wrong Party-in-interest
- 30 days notice
- Final letter of demand
- Incorrect loan amount
- Validate debt
- Assignment

**PARTIES**

A.   Pro se, Plaintiff Mr. Sylvester Henry Ex Rel [SYLVESTER HENRY], is an individual residing in the State of New York.

B.   Defendant(s) STEVEN J. BAUM, P.C., et al, is a corporation organized and existing under the laws of the State of New York.

C.    Defendant(s) WELLS FARGO BANK N.A., et al is a corporation organized and existing under the laws of the State of New York.

## PLAINTIFF(S) DEMAND FOR A JURY TRIAL

Plaintiff(s) herein referenced, asserts his rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues of fact, in accordance with Federal Rule of Civil Procedure 38.

### MANDITORY JUDICIAL NOTICE

Let the records show the Plaintiff(s) herein binds and accept the oaths of all other officers of the court who many come in contact with this matter are noticed under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of *Haines v Kerner*, 404 U.S. 519-421, *Platsky v. C.I.A.* 953 F.2d. 25, and *Anastasoff v. United States,* 223 F.3d 898 (8th Cir. 2000), relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001). In re *Haines*: pro se litigants are held to less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re *Platsky*: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings. In re *Anastasoff*: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. Platsky: court errs if court dismisses the pro se litigant (Plaintiff is a pro se litigant) without instruction of how pleadings are deficient and how to repair pleadings. In re Anastasoff:

## NOTICE OF DISCLAIMED OF ALL VOLUNTARY
## IMPLIED TRUSTEESHIPS—*NUNC PRO TUNC AB INITIO*

WHEREAS a trust arrangement cannot be forced upon the designated trustee, and one who has not previously accepted a trust or contracted in advance to do so can disclaim and refuse appointment as trustee for any reason (or for no reason) whatsoever (TOA: Gilberts §149), and WHEREAS a sole trustee and sole beneficiary are one and the same person, the result is a merger of legal and equitable titles, defeating the trust and creating a fee simple in the person (TOA: Gilberts §159), and WHEREAS no particular words are required to form a trust, nor is it essential that any of the parties involved know or understand that the intended relationship is a "trust," if an effective transfer has been made, a valid trust exists even if the trustee is not aware of it (TOA: Gilbert §66, §274)

**BE IT RESOLVED** that, *I, Sylvester*, do hereby notice all persons and men worldwide of my Deed of disclaimer of all implied and voluntary trusteeships without sufficient lawful consideration for the legal derivation names including but not limited to "Sylvester L. Henry" or "SYLVESTER LANCE HENRY," "SYLVESTER HENRY," or "HENRY, SYLVESTER LANCE" and all other legal derivations; that said disclaimer relates back to the first instance, of birth, in law or implied acceptance, acquiescence and/or conduct without express written consent for sufficient valuable or lawful consideration, whichever is sooner, due to, including but not limited to, a) any voluntary implied trusteeship do not reflect the true nature of the relationship, b) based what is written on *My* heart, c) it is *My* wish, d) good conscience, e) good reason, f) the failure of full disclosure, g) the failure of the transfer of valuable consideration, and h) due to the inadequate mental and legal state as a ward, infant, and/or incompetent to avail myself of my rights and options. *Equity will not allow a trust to fail for want of a trustee.*

## **INTRODUCTION: JURISDICTION AND VENUE**

1. This is a verified action for BREACH OF TRUST, FAIR DEBT COLLECTION PRACTICING ACT VIOLATIONS, WILLFUL FRAUD, MISREPRESENTATION,

OMISSIONS, WRONGFUL FORECLOSURE PROCEDURES AND LACK OF FULL DISCLOSURE and other relief.

2.   This court has jurisdiction and this civil action arises under a fraudulent foreclosure action. Wherein Plaintiff(s) moves the court with a VERIFIED COMPLAINT FOR BREACH OF TRUST, FAIR DEBT COLLECTION PRACTICING ACT VIOLATIONS, WILLFUL FRAUD, MISREPRESENTATION, OMISSIONS, WRONGFUL FORECLOSURE PROCEDURES AND LACK OF FULL DISCLOSURE against WELLS FARGO BANK N.A. and STEVEN J. BAUM, P.C., et al.

3.   Whereas Plaintiff(s) moves the court for Injunctive relief and Declaratory Judgment, pursuant to the Code of New York and of the rules regulating the State Bar of New York, New York Rules of Civil Procedure / NY CPLR § R3016 (2015), NY CPLR 3016(b), NY CPLR 3211, NY CPLR 3013 for Breach of Trust and NY CPLR 3101(a), New York legislature created the Property Condition Disclosure Act (the PCDA) N.Y. Real Prop. Law § § 460-467 for lack of full disclosure on the part of the Defendant(s) in a foreclosure action performed on January 13, 2015 herein referenced and there is no evidence to the contrary.

4.   Representatives for STEVEN J. BAUM, P.C. performed an unlawful and illegally foreclosure sale of Plaintiff(s) home on January 13, 2015. **The Plaintiff(s) moves the court for an Emergency Temporary Restraining Order** pursuant the Code of New York and Federal Rules of Civil Procedure 65(d)(1)(2) based, in part, on Defendant(s)' collective actions that violated several FDCPA and New York Unfair and Deceptive Business Practice Laws, FDCPA, 15 U.S.C. §1692 et. Seq., and New York FAIR BUSINESS PRACTICES ACT. A Fair Debt Collection Act Violations, Deceptive Business Practices and fraudulent foreclosure sale of the property located at: 66 Stirling Avenue Freeport, NY 11520, on or about January 13, 2015, will cause irreparable injury and damage to Plaintiff(s). The complaint alleges Breach of Trust, Misrepresentation, Fair Debt Collection Act Violations and violations of law by fraudulent practices of

Defendant(s), denying Plaintiff(s) a due process/ fair trial, based upon fraudulent foreclosure procedures and documents.

5.   The Defendant(s) unlawfully and illegally attempted to sell Plaintiff(s) commercial property located at: 66 Stirling Avenue Freeport, NY 11520 on or about January 13, 2015.

6.   All of the claims derive from a common nucleus of operative fact. All the events herein-transpired with the property that's located in the State of New York at 66 Stirling Avenue Freeport, NY 11520 on or about January 13, 2015.

## STATUS OF PARTIES

7.   Plaintiff(s) herein is the Party in interest herein, the legal Grantee/Grantor for legal title to property herein referenced and lawful Beneficiary for Equitable title to property herein referenced Let the record show said property herein are the legal Grantee /Grantor rights and lawful Beneficiary for Equitable rights for the said Property located at: 66 Stirling Avenue Freeport, NY 11520 and there is no evidence to the contrary.

8.   Defendant(s) is doing business in collecting debt under the name of STEVEN J. BAUM, P.C., et al. The Defendant(s) is doing business in the State of New York providing lawyer service and is served at their Registered Agent: NATIONAL REGISTERED AGENTS, INC., located at, 111 EIGHTH AVENUE, NEW YORK, NEW YORK, 10011.

9.   Defendant(s) is doing business in collecting debt under the name of WELLS FARGO BANK N.A., et al. The Defendant(s) is doing business in the State of New York providing service and is served at their Registered Agent: CORPORATION SERVICE COMPANY, located at 80 STATE STREET ALBANY, NEW YORK, 12207-2543.

## CAUSE OF ACTIONS

1.   Wrongful foreclosure procedures commenced in the NASSAU SUPREME COURT COUNTY OF NASSAU by STEVEN J. BAUM, P.C., et al on the behalf of WELLS FARGO BANK N.A., et al, Index Number # 13094/2008.

2.  BREACH OF TRUST, FAIR DEBT COLLECTION PRACTICING ACT VIOLATIONS, WILLFUL FRAUD, MISREPRESENTATION, OMISSIONS, WRONGFUL FORECLOSURE PROCEDURES AND LACK OF FULL DISCLOSURE by original lender FIRST RATE CAPITAL CORP and WELLS FARGO BANK N.A., et al and STEVEN J. BAUM, P.C., et al and there is no evidence to the contrary.

3.  Let the record show on or about Mortgage Dated May 30, 2006, Plaintiff entered into a loan contract for what he believed was to borrow money from FIRST RATE CAPITAL CORP (the stated original lender on all closing documents including Note and Security Deed) for the purchase of a property located at 66 Stirling Avenue Freeport, NY 11520.

4.  Let the record show a **Promissory Note**, hereafter "Note", was prepared for, and in the name of Plaintiff, with an ORIGINAL loan number and MIN: number assigned to it to identify the security instrument. (Loan number that was assigned to the Note is inseparable from the Note itself, similar to the VIN number of a motor vehicle.

5.  At some time unknown to Plaintiff, the Note and security deed were separated/split, where the deed alone was separated from the note and was assigned, for servicing purposes, to WELLS FARGO BANK N.A., and/or "Does", and finally to agents for Defendant "STEVEN J. BAUM, P.C., et al,". It is unknown who presently owns and holds Plaintiff's actual "wet ink" original Promissory Note. Based on knowledge and belief, the promissory note has been pledged, hypothecated, and/or assigned as collateral security to an unknown entity, foreign trust, or to an agency of the United States government or the Federal Reserve.

6.  Plaintiff also asserts that at some time unknown to Plaintiff, and without Plaintiff's authorization or signature, a new loan number (and/or a new Note was created with Plaintiff's name, and property address attached to it), was assigned to the alleged indebtedness to the WELLS FARGO BANK N.A. / representatives for Defendants STEVEN J. BAUM, P.C., et al, (thus separating or splitting the original Note from the original Security Deed).

7.  Plaintiff received a written communication from the STEVEN J. BAUM, P.C., et al, who affirmatively represented that its "client" was, in fact "WELLS FARGO BANK N.A.", for the aforementioned alleged indebtedness regarding Plaintiff's said property referenced herein.

8.    The said correspondence, however fails to identify "WELLS FARGO BANK N.A." as the owner and holder of the Note, and fails to affirmatively represent that Agents for WELLS FARGO BANK N.A. / Agents for STEVEN J. BAUM, P.C. owns and holds any interest in the Security Deed or has any rights therein or thereto which would support a foreclosure of the said Property herein referenced.

9.    The said correspondence, which also had an attachment "NOTICE OF TRUSTEE SALE", together included several statements which form the basis of this action against the defendant(s).

10.   The Loan number is not connected to Plaintiff, which is a misrepresentation and violation of FDCPA 15 U.S.C. §1692 et. Seq.

11.   Representatives for STEVEN J. BAUM, P.C., provided Plaintiff(s) with written notice that the "client" for purposes of the loan and foreclosure sale was WELLS FARGO BANK N.A.is the same law Firm which also affirmatively represented that the entity that had full authority to negotiate, amend, and modify all terms of the deed of trust instrument dated May 30, 2006, and recorded in Book 30575 and Page 637 among the Official Land Records of Nassau County, New York, for purposes of the subject loan and foreclosure sale was WELLS FARGO BANK N.A., who is also a"client".

12.   The servicing rights to the Note were sold separately or obtained by the Assignment from FIRST RATE CAPITAL CORP to WELLS FARGO BANK N.A. however, "WELLS FARGO BANK N.A. and representatives for STEVEN J. BAUM, P.C., has not established both the existence of the deed of trust and deed of trust note, or ownership of the note and deed of trust. The Plaintiff has requested the proof and even sent a Qualified Written Request, as allowed under the Real Estate Protection Act, to Defendants "WELLS FARGO BANK N.A.", and "STEVEN J. BAUM, P.C." They, each and every one, have refused to provide proof thereof and answer Plaintiff's questions.

13.   Defendant STEVEN J. BAUM, P.C., et al foreclosure sale notice letter is not in accordance with notice provisions involving foreclosure proceedings as required under New York law. Based on knowledge and belief, <u>ONLY</u> a vested investor in a

securitized trust, who is the real party in interest, may authorize amendments and/or modification of the Plaintiff's note and security deed.

14. Furthermore, New York code prescribes that *"A creditor shall not include: (A) a servicer; (B) an assignee; (C) a purchaser; or (D) any state or local housing finance agency or any other state or local governmental or quasi-governmental entity."*

15. As such, Defendant STEVEN J. BAUM, P.C. is without legal standing and is legally precluded from foreclosing on and selling the said Property located at: 66 Stirling Avenue Freeport, NY 11520.

16. Plaintiff asserts that since all Defendants had, or should have had knowledge of New York Fair Business Practicing Act, New York's Foreclosure law and procedures, and FDCPA, therefore, all notices of foreclosure sale that was sent to Plaintiff by "STEVEN J. BAUM, P.C." on behalf of their client "WELLS FARGO BANK N.A.", and publications that were made in the public media relating to Plaintiff's property, are also misrepresentation, and violations of 15 U.S.C. §1692 et. Seq.

17. Let the record show *16 CFR 433.2* states that the buyer/seller take (security) it subject to all the defenses and claims that the buyer could assert against any transferee or any buyer who buys (security) it. Or anybody who sells (security) it, but they take it out of these loan applications. None of the applications have that disclaimer in (security) it. That means there is no holder in due course. Because if you read UCC 3-302 of the UCC a holder in due course takes (security) it free of all claims and defenses that the payor could assert against any payee or assignee or transferee.

18. Let the record show the Defendant herein did not take (security) it free of defenses and claims. Let the record show the Defendant herein take the security subject to Plaintiff's claims and defenses.

19. Let the record show under UCC 3-305 Plaintiff(s) herein has a claim in recoupment. Which is a counter-claim and that's the same language in Rule 13 of FRCVP Rule 13 which states

that there are 2 types of counter-claims, there is a mandatory and permissive counter claim.

• Mandatory arises from the same transaction and occurrence as the Defendant claim.

20.     Plaintiff(s) hereby gives notice that WELLS FARGO BANK, N.A., as assignee and trustee is/are liable for the fraudulent deeds and actions of its assignors for said Mortgage Dated May 30, 2006 and recorded in Book 30575 and Page 637 which lacks the Lender acknowledgement and acceptance of said Mortgage Instrument. Accordingly it appears that agent(s) for WELLS FARGO BANK, NATIONAL ASSOCIATION also known as WELLS FARGO BANK, N.A., and agent(s) for STEVEN J. BAUM P.C., are working in collusion to defraud the Plaintiff(s) of their interest in the property located at: 66 Stirling Avenue Freeport, NY [11520]. WELLS FARGO BANK, N.A., by assignment and contract is/are liable for the fraudulent deeds and actions of First Rate Capital Corp. It appears and Plaintiff believes that First Rate Capital Corp has sold the original note and failed to give credit to Sylvester L. Henry account. This note was created on Sylvester L. Henry credit, and signature, and was not an asset of First Rate Capital Corp. Accordingly WELLS FARGO BANK N.A., and STEVEN J. BAUM, P.C., are fully liable for the fraudulent deeds and Wrongful foreclosure performed on January 13, 2015 of First Rate Capital Corp and there is no evidence to the contrary.

## NOTICE AND DEMAND FOR FORCLOSURE CONCERNING THE TERMS AND EXECUTION OF THE LOAN AGREEMENT

21.     As ex President George W. Bush stressed in "Inside the White House" interview with Tom Brokaw, in response to a question about the Enron/Arthur Anderson scandal, Americans need "FULL DISCLOSURE" of all accounting and auditing by businesses in order for the public to protect their life-savings and investments. Let the record show it appears Plaintiff believes that during the loan approval process, after the Borrower signs the promissory note, some agent/officer of the Lender converts this "promise to pay" into a "draft" or "negotiable instrument" that is quickly sold, and then the proceeds of this sale are used to fund the check that is given back to the borrower as the loan all without the lender risking or loaning a cent of their own assets (equity) to the Borrower. Of course, most of these transactions are NOT

disclosed in the Loan agreement. Obviously, no one in his or her right mind would ever agree to such a contract! Indeed, such an agreement would be declared an "unconscionable contract" and "unjust enrichment", according to my CPA. But one does not need to an accountant to understand that such a scenario has an economic effect similar to theft, counterfeiting and swindling -- and even racketeering if a loan broker or other third parties are involved!

## NOTICE OF PLAINTIFF CLAIM IN RECOUPMENT / COUNTER CLAIM

22.  Let the record show Plaintiff(s) First claim is under UCC 3-305 2, and the Second Claim is under UCC 3-306; Plaintiff(s) herein has a proprietary and possessionary and property interest in the note and its proceeds. Plaintiff(s) herein has the right to rescind negotiation of the transaction. Negotiation means the endorsement on the note. They always endorse these notes "pay to the order of", and Plaintiff(s) herein has a right to rescind that negotiation. When a person is dealing in securities it is governed by Article 8 not Article 3 of the UCC, what common people call a note is a security and it is a non-negotiable instrument. If you read the Adjustable; sub-prime mortgages/deed of trust has an adjustable rate rider that goes with the note. The rider modifies the conditions of payment and supplements and governs the promissory note. Under UCC 3-106(d) it can't be a negotiable instrument if it is subject or governed by extraneous documents outside of the promissory note. And they make it subject to the adjustable rate rider and the deed of trust. There are a dozen cases that say all mortgage notes are non-negotiable instruments. If they are non-negotiable they are not governed by Article 3, there governed by general contract law, specifically Restatement of Law Second series under contract Section 164 which has to do with mis-representation which means its subject to recission. Let the record show I hereby rescind said mortgages/deed of trust herein referenced for said mis-representation and the fact that the Plaintiff(s) herein was not in a loan transaction, because Plaintiff(s) herein was in an investment contract UCC 4-102 under Applicability states if an item is includable in Article 3 it's governed by Article 8. Article 8 governs Article 3 because the parties herein are dealing in securities. All these notes are securities, not notes or negotiable instruments. Article 8 governs 3 and 4. Let the record show Plaintiff(s) herein has a claim in recoupment or a claim under 3-306 to the proceeds and a

right to rescind the negotiation. And Plaintiff(s) herein has a possessionary and property right in the proceeds of the investment contract and there is no evidence to the contrary. That is why they File a 1099 – A because they say the Plaintiff(s) has abandoned their claim or recoupment which is a counter claim and the possessionary right to the proceeds from the sale of the security under the investment contract to which Plaintiff(s) are undisclosed 3rd party in the contract under the statute of Frauds. If the Defendant is going to hold Plaintiff(s) liable under a contract which Plaintiff(s) is an undisclosed 3rd party and has not been subscribed to by Plaintiff(s) and said Plaintiff(s) has not memorialized it then said Plaintiff(s) has a right to the proceeds.

## NOTICE AND DEMAND FOR DISCOVERY

23. Let the record show Plaintiff(s) respectfully demand **(a)** a Securitization audit, **(b)** a Bloomberg Financial Report on the Trust Under Penalty of Perjury, **(c)** an Inspection for both sets of books showing actual loan documentation; a True Ledger of Accounting and Records of the Individual(s) who takes commercial liability and Responsibility for the Verification, Accuracy and Obligation of each Book keeping entry under penalty of perjury, **(d)** a copy of the Allonge (e) Supply a 1099-INT for the Escrow account interest, which is due, (e) a copy of 1099 OID on the capital gains tax for transfer of note herein referenced.**(f)** The IRS form 1099-A documenting that the money in the Escrow account has been there from day three of the original contract and always was in your possession and has not been turned over to the Plaintiff(s) or the account settled. Therefore Plaintiff(s) is requesting recoupment of the funds generated by the loan documents.

**NOTICE:** Let the record show the Federal Reserve Policies and Procedures and the Generally Accepted Accounting Principles (GAAP) requirements imposed upon all Federally-insured (FDIC) banks in Title 12 of the United States Code, section 1831n (a), prohibit them from lending their own money from their own assets, or from other depositors.

**NOTICE:** US Supreme Court Decision of 1872 which states that the note and the deed of trust support each other and when the note and deed of trust become separated the deed of trust becomes void.

**NOTICE:** Under Title 12 USC 1813(L)(1) it states the Deposit of a Promissory Note becomes a cash item and when deposited requires a cash receipt.

**Plaintiff(s) hereby gives NOTICE AND DEMAND to the representatives for STEVEN J. BAUM, P.C." and the representatives for WELLS FARGO BANK N.A.**to cure their DISHONOR IN COMMERCE and Process the said Promissory Note and deposited funds into an escrow account under the SYLVESTER HENRY styled name.

## MISREPRESENTATION / FRAUD

24.    Let the record show Plaintiff(s) asserts that it appears the representatives for STEVEN J. BAUM, P.C." and representatives for WELLS FARGO BANK N.A., are in collusion together for in <u>Act s</u> or course of deception, an intentional <u>concealment,</u> <u>omission,</u> or perversion of truth, to (1) <u>gain</u> unlawful or unfair <u>advantage,</u> (2) induce another to part with some valuable item or <u>surrender</u> a <u>legal right,</u> or (3) inflict <u>injury/damage</u> in some manner against the Plaintiff herein referenced. Accordingly Defendants are / have engaged in act that constitutes BREACH OF TRUST, FAIR DEBT COLLECTION PRACTICING ACT VIOLATIONS, WILLFUL FRAUD, MISREPRESENTATION AND WRONGFUL FORECLOSURE PROCEDURES in the NASSAU SUPREME COURT COUNTY OF NASSAU by STEVEN J. BAUM, P.C., et al on the behalf of WELLS FARGO BANK N.A., et al, Index Number # 13094/2008.

25.    Let the record show representatives for STEVEN J. BAUM, P.C." and  representatives for WELLS FARGO BANK N.A., are engaging in acts of MISREPRESENTATION for their own unjust enrichment in breach of trust. Let the record show representatives for STEVEN J. BAUM, P.C." and representatives for WELLS FARGO BANK N.A. cannot support their claims to perform said foreclosure sale on January 13, 2015. Let the record show representatives for STEVEN J. BAUM, P.C." and representatives for

WELLS FARGO BANK N.A., lack standing and authority to perform said foreclosure sale on January 13, 2015 and there is no evidence to the contrary.

## FAIR DEBT COLLECTION ACT

26.  Plaintiff reaffirms and re-alleges paragraphs 1 through 25 hereinafter as if set forth more fully herein below.

27.  Plaintiff has properly disputed the indebtedness alleged by the Defendants in writing. Defendants are debt collectors for purposes of the Fair Debt Collection Practices Act.

28.  Defendant "STEVEN J. BAUM, P.C." and "WELLS FARGO BANK N.A." used deceptive and false statements as a routine part of their misleading business practice, in their written communications with Plaintiff in violations of FDCPA as contained therein.

29.  Agents for "STEVEN J. BAUM, P.C.", Agents for "WELLS FARGO BANK N.A.", made false statements, and knowingly produced fraudulent documents in their attempt to deceive Plaintiff, and enforce an un-enforceable Security Deed by virtue of a wrongful and unlawful Foreclosure Sale of Plaintiff's property.

30.  Notwithstanding the dispute of the indebtedness by the Plaintiff, the Defendants' have willfully violated several provisions of the Fair Debt Collection Practices Act and are subject to the statutory damage provisions contained therein.

## FRAUD

31.  Plaintiff believes that Defendants collectively at some time unknown to Plaintiff, and without her signature or authorization, created, a new Note with a new loan number, bearing Plaintiff's Name and property.

32.  Plaintiff further believes that representatives for STEVEN J. BAUM, P.C. and representatives for WELLS FARGO BANK N.A. did collectively, with full knowledge of the constructive fraud, and then attach a claim of indebtedness to Plaintiff, using the new

loan number to attempt to unlawfully enforce the now unenforceable original Security Deed that was separated, from the original Note.

33.  Plaintiff asserts that all of the above described false statements on the Assignment voids the Assignment, making the alleged new Assignee – Agents for STEVEN J. BAUM, P.C., et al, an authorizes party without standing to maintain a foreclosure of Plaintiff's property herein referenced.

34.  Plaintiff believes that Agents for "STEVEN J. BAUM, P.C.", Agents for "WELLS FARGO BANK N.A." actions as described above are violations FDCPA, New York Unfair and Deceptive Business Practice laws FDCPA, 15 U.S.C. §1692 et. Seq., and New York FAIR BUSINESS PRACTICES ACT.

35.  Plaintiff believes that Agents for "STEVEN J. BAUM, P.C.", Agents for "WELLS FARGO BANK N.A." engaged in deceptive and unfair trade practices which constituted fraud and violations of New York's Uniform Deceptive Trade Practices Act ("UDTPA") and Fair Business Practices Act ("FBPA"), when in complicit with Agents for "STEVEN J. BAUM, P.C.", Agents for "WELLS FARGO BANK N.A., fraudulently signed the Assignment.

36.  Plaintiff believes that Agents for the Defendant "STEVEN J. BAUM, P.C. have committed perjury, and Fraud upon the court, whereas a New York Licensed attorney, to whom a lawful oath or affirmation has been administered, in a judicial proceeding, he/she knowingly and willfully made a false statement in the NASSAU SUPREME COURT COUNTY OF NASSAU by STEVEN J. BAUM, P.C., et al on the behalf of WELLS FARGO BANK N.A., et al, Index Number # 13094/2008.

37.  Plaintiff believes that Agents for "STEVEN J. BAUM, P.C.", Agents for  "WELLS FARGO BANK N.A.", routinely performs defective and fraudulent Assignments", as part of their business practice. In this regard, *The Eleventh Circuit has held that, the court may take judicial notice of public records as they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Glen Constr., Co., LLC v. Bell Aero. Servs., 2009 U.S. Dist. LEXIS 118335 (M.D. Atl. Dec 21, 2009) (citations omitted); See also, Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999).*

38.    On or about January 13, 2015, Agents for "STEVEN J. BAUM, P.C.", and Agents for "WELLS FARGO BANK N.A." are performed an unlawful and illegal foreclosure action against Plaintiff property interest herein referenced and there is no evidence to the contrary.

## AFFIDAVIT OF FACTS AND STATEMENTS OF THE TRUTH

32.    Let the record show; I, Mr. Sylvester Henry Ex Rel [SYLVESTER HENRY], am of lawful age competent and willing to testify as follows based on my personal knowledge. It appears and Plaintiff(s) believes based on evidence, experience and common sense that agents for the said Defendant(s) collectively, did work or are working in collusion with each other in violation of New York Rules of Civil Procedure Code 2924 and New York Probate Code Section 16420 for Breach of Trust, and NEW YORK FAIR DEBT COLLECTION PRACTICING ACT, and acts of WILLFUL FRAUD and/or course of deception, and intentional concealment, omission, or perversion of truth, to
(1) gain unlawful or unfair advantage, (2) induce another to part with some valuable item or surrender a legal right, or (3) inflict injury in some manner against Plaintiff(s) herein in referenced.

33.    Let the record show the agents for STEVEN J. BAUM, P.C., are professional debt collectors and they have advanced writings which agents for WELLS FARGO BANK N.A.s know are false. Let the record the agent(s) for STEVEN J. BAUM, P.C. are relying on the false writings to the detriment of agent(s) for STEVEN J. BAUM, P.C. and the agent(s) for WELLS FARGO BANK N.A., A jury shall determine agent(s) by and through STEVEN J. BAUM, P.C. and/or agent(s) by and through WELLS FARGO BANK N.A., in an attempt to extort up to $473,891.77 from Plaintiff(s), herein warranting treble damages, or $1,421,675.31 plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress. Pro se litigants may be entitled to Attorney fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641, as amended 42 USC 1988.

34.    Let the record show Plaintiff herein has evidence and reason to believe that in violation of

the fair debt collection act on or about the 13<u>th</u>, day of January, 2018, agent(s) for STEVEN J. BAUM, P.C. and agent(s) for WELLS FARGO BANK N.A. plan to perform an act of willful fraud by an unlawful and illegal foreclosure sale on the said property located at 66 Stirling Avenue Freeport, NY 11520.

35.    The Defendant(s), agent(s) for STEVEN J. BAUM, P.C. and agent(s) for WELLS FARGO BANK N.A., did violate of the fair debt collection act and concealed what they knew to be true, misrepresented the facts, made false statements, and perjured themselves and there is no evidence to the contrary.

### STEVEN J. BAUM, P.C., IS A COLLECTION AGENCY AND REQUIRED TO FOLLOW TITLE 15 Chapter 41 Sub V section 1692 DEBT COLLECTION PRACTICES

Let the record show Attorneys by and through STEVEN J. BAUM, P.C., et al, and all its agents are Debt Collectors herein. Accordingly let the record show Agents for WELLS FARGO BANK N.A., and/or agents for STEVEN J. BAUM, P.C. and all their agents are Debt Collectors herein. Let the record show it appears that STEVEN J. BAUM, P.C. is just a collection agency and thereby its agents are required to follow 15 U.S. Code Chapter 41, Subchapter V - DEBT COLLECTION PRACTICES. Let the record show it appears that WELLS FARGO BANK N.A.is just a collection agency and thereby is required to follow 15 U.S. Code Chapter 41, Subchapter V - DEBT COLLECTION PRACTICES. Let the record show Title 15 relates to "verified assessment", in other words the collector must provide proof to validate the debt and any case involving debt. This action herein must be held in the judicial Circuit Court for Nassau County. Let the record show Attorney Debt-Collector / Agents for WELLS FARGO BANK N.A., and/or agents for STEVEN J. BAUM, P.C. have not verified and Validate the allege debt before initiating a foreclosure action which is a willful violation of the Fair Debt Collections Practice Act and there is no evidence to the contrary.

### NEW YORK RULES OF PROFESSIONAL CONDUCT

Let the record show it appears and Plaintiff believe that Attorney/debt collectors and agents by and through STEVEN J. BAUM, P.C.; and agents by and through WELLS FARGO BANK N.A, .are all working in collusion to deprive and defraud Plaintiff(s) of their property herein

referenced. Let the record show the Attorney/debt collectors, by and through STEVEN J. BAUM, P.C. appears to have violated the follows:

New York Rules of Professional Conduct;

Rule 3.3 Candor Toward the Tribunal, (a), (1), (2), (3), (b), (c), (d).

Rule 3.4 Fairness to Opposing Party and Counsel, (a), (b), (c), (d), (1), (2), (3).

Rule 3.5 Impartiality and Decorum of the Tribunal, (a), (b), (c).

Rule 3.7 Attorney as a Witness

Rule 4.1 Truthfulness in Statements to Others, (a), (b).

Rule 8.4 Misconduct, (a), (b), (c), (d), (e), (f), (g).

## SLANDER OF TITLE

Plaintiff reaffirms and re-alleges paragraphs 1 through 35 hereinabove as if set forth more fully herein below. The legal effect of separating the promissory note from the security deed is to nullify the enforcement 'provisions of the security deed and to render the same a slander to the title of the property. Defendants have caused a fraudulent document to be placed upon the Property Records of Nassau County which creates not only a cloud upon Title, but slanders the Title as well.

36. Plaintiff(s) respectfully demand to inspect the "Original Deed of Trust Note", Acknowledged and Accepted with wet ink signatures, along with the Title Page that shows whether or not the Deed of Trust has been satisfied. Plaintiff(s) believe that FIRST RATE CAPITAL CORP has sold the original note and failed to give credit to Plaintiff(s) account. This said note was created on Plaintiff(s) credit, and signature, and was not an asset of FIRST RATE CAPITAL CORP. Plaintiff(s) believe the Defendant(s) have no legal right to a claim/foreclosure complaint. As you well know, Proof of Claim/Debt must be established by law. Only the Original Acknowledged and Accepted Trust Note will be accepted as proof of claim. Accordingly, only the Original Acknowledged and Accepted Deed of Trust will be accepted as proof of claim. If the Defendant(s) have the original acknowledged and accepted Deed of Trust note let them bring it forth and offer their Proof of Claim/Debt for my/our inspection. Accordingly, if the Defendant(s) have the original acknowledged and accepted Deed of Trust deed let them bring it forth and offer their Proof of Claim/Debt for my/our inspection. Plaintiff(s) believe the Defendant(s) DO NOT have lawful

Proof of Claim/Debt and there is no evidence to the contrary. This is Dishonor in commerce, wrongful foreclosure, violation of the fair debt collection act, willful fraud, willful misrepresentation, willful breach of trust, and willful dishonest service to the public, willfully making false statements, plus aggravation, inconvenience, defamation, and intentional affliction of emotional duress and there is no evidence to the contrary.

37.  Plaintiff(s), Mr. Sylvester Henry Ex Rel [SYLVESTER HENRY] tendered a lawful note at closing to FIRST RATE CAPITAL CORP to settle the alleged debt. FIRST RATE CAPITAL CORP has chosen to dishonor the lawful Note at closing and has refused to zero the account. Lawful Money no longer is available for payment of debt in our economic system. Notes are considered as Legal Tender for debts, according to the Code and there is no evidence to the contrary. This is Dishonor in commerce, wrongful foreclosure, violation of the fair debt collection act, willful fraud, willful misrepresentation, willful breach of trust, and willful dishonest service to the public, willfully making false statements, plus aggravation, inconvenience, defamation, and intentional affliction of emotional duress and there is no evidence to the contrary.

### JURY TRIAL DEMANDED

Plaintiff(s) does hereby Demand a Jury Trial for the above styled action.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this court:

1. That this Court grant Declaratory Judgment which states that agents for "WELLS FARGO BANK N.A." has/had no legal standing or the proper legal or equitable interest in either the Note and Security Deed to institute or maintain a foreclosure; and
2. That this Court grant Declaratory Judgment which states that "STEVEN J. BAUM, P.C." has no legal standing or the proper legal or equitable interest in either the Note and Security Deed to institute or maintain a foreclosure; and
3. That this Court rules that the Notice of Foreclosure Sale is legally defective and precluded

from enforcement;

4. That this Court Rule that the Foreclosure Sale herein referenced as wrongful, unlawful, and void.

5. That this Court causes the removal, or causes a striking, of the fraudulent assignment recorded upon the Property Records in Nassau County New York.

6. That this Court issues a Declaratory Judgment in accordance with the relief requested herein above;

7. That this Court grants the Plaintiff a Jury trial to access the various damages sought against the Defendants, jointly and severally;

8. That the Defendants, jointly and severally be required to pay damages for the slander of Plaintiff's title to land;

9. That the Defendants, jointly and severally be required to pay damages for libel to Plaintiff's credit;

10. That the Defendants, jointly and severally be required to pay damages, including punitive damages, to the Plaintiff for the fraud against the Plaintiff;

11. That the Defendants, jointly and severally be required to pay damages for Emotional stress and grief, and unnecessary financial hardship caused by Plaintiff having to take time to research law and procedures to protect her property, in the amount of treble damages, or $1,421,675.31 per each Defendant in this complaint;

12. That the Defendants, jointly and severally be required to pay damages for That the Defendants be required to prove to this Court any legal claim, lien, encumbrances or security against Plaintiff's property and that this Court declare the same encumbrances void and further declare the Plaintiff's property free and clear from all claims; and for any other and further relief that this Court deems just and proper.

13. Plaintiff seeks the Court order to have the Plaintiff restored of all monies paid into the note, interests and fees, as actual monetary damages estimated before auditing including interests.

14. That the Court order such an award reasonable and customary for fees, commensurate with all attorney fees, co -art fees, and recoupment of all costs in bringing this action, as permitted by law.

15. That this Court addresses all counts by Defendants on false reporting to the Credit Reporting Agencies and made liable for a monetary reward of $100,000.00 for each count.

16. That the court dismisses all counter claims on behalf of the Defendants, with prejudice.

17. In the Alternative, Plaintiff moves for a jury trial on all questions of fact raised by this complaint where the law must prevail over equity and where Defendant denies an allegation.

18. **Determination** by this Court to GRANT Plaintiff(s) motion for an Emergency Restraining Order.

19. **Determination** by this Court that Defendant(s) collectively have engaged in act that constitutes BREACH OF TRUST, FAIR DEBT COLLECTION PRACTICING ACT VIOLATIONS, WILLFUL FRAUD, MISREPRESENTATION, OMISSIONS, WRONGFUL FORECLOSURE PROCEDURES AND LACK OF FULL DISCLOSURE against the Plaintiff herein referenced

20. **Determination** by this Court that Defendant(s) collectively, did work or are working in collusion with each other in Act or course of deception, an intentional concealment, omission, or perversion of truth, to (1) gain unlawful or unfair advantage, (2) induce another to part with some valuable item or surrender a legal right, or (3) inflict injury/damage in some manner against the Plaintiff(s) herein and justly require a judgment in favor of Plaintiff(s) herein in treble damages, or $1,421,675.31 from each Defendant plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress.

21. Wherefore; Plaintiff(s) seek award in treble damages, or $1,421,675.31 from each defendant plus a like amount for Act or course of deception, an intentional concealment, omission, or perversion of truth, to (1) gain unlawful or unfair advantage, (2) induce another to part with some valuable item or surrender a legal right, or (3) inflict injury in some manner against the Plaintiff(s) herein.

23. **Wherefore;** Plaintiff(s) seek award in treble damages, or $1,421,675.31 from each defendant plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress in favor of Plaintiff(s) herein

23. **Wherefore;** Plaintiff(s) request award in treble damages, or $1,421,675.31 from each defendant for violation of fair debt collection act procedures, willful fraud, willful misrepresentation, willful breach of trust, and willful dishonest service to the public, willful making false statements, plus a like amount for aggravation, inconvenience, defamation, and intentional affliction of emotional duress in favor of Plaintiff(s). Pro se litigants may be entitled to Attorney fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641, as amended 42 USC 1988.

24. **Wherefore;** Plaintiff(s) prays for an Order such and further relief as may be deemed proper and just.

Respectfully submitted this ⟍⟋ day of June, 2018

By Beneficiary: _____
Sylvester L. Henry [SYLVESTER L. HENRY]
Plaintiff and Beneficiary to constructive trust

**OF PRO SE COUNSEL**
Sylvester L. Henry, Pro se Plaintiff/Beneficiary
Mr. Sylvester Henry, Ex Rel [SYLVESTER HENRY]
66 Stirling Avenue Freeport, NY 11520

# VERIFICATION

I, <u>Sylvester L. Henry [SYLVESTER L. HENRY]</u> declare as follows:

1) I am named as the Plaintiff(s) in the above-entitled matter.

2) I have read the foregoing VERIFIED COMPLAINT FOR BREACH OF TRUST, FAIR DEBT COLLECTION PRACTICING ACT VIOLATIONS, WILLFUL FRAUD, MISREPRESENTATION, OMISSIONS, WRONGFUL FORECLOSURE PROCEDURES AND LACK OF FULL DISCLOSURE and attached Affidavit, and know the facts therein stated to be true and correct.

3) I declare, under penalty of perjury pursuant to the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 2ⁿ day of June, 2018

By:_ Sylvester L. Henry, Pro se Plaintiff/Beneficiary
    Mr. Sylvester Henry, Ex Rel [SYLVESTER HENRY]
    66 Stirling Avenue Freeport, NY 11520

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU_____ )

### AFFIDAVIT OF TRUTH

**Sylvester L. Henry** affirms that the statements in his VERIFIED COMPLAINT, made as of his own knowledge, are true and those made as on information and belief he believes to be true.

Executed by Special Deposit

This day of June,_____ 22ⁿᵈ____, 2018

By Legal Grantor and Equitable Beneficiary: _____

===========================================================
**Sylvester L. Henry, Legal Grantor and Equitable Beneficiary**
**Plaintiff, All Rights Reserved, Without Prejudice...**

### JURAT

On_ day of June, 2018 personally appeared before me, **Sylvester L.   Henry** whose names is subscribed in the within this VERIFIED COMPLAINT instrument and acknowledged to me that he executed the same.

I certify under PENALTY OF PERJURY under the laws of the State of New York that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.   By: _____
(Signature of Notary Public)

My commission expires:   November 28, 2020

GABRIELA PEREZ
Notary Public, State of New York
No. 01PE6351283
Qualified in Nassau County
Commission Expires November 28, 20__

# EXHIBIT-A

**Mortgage / Deed of trust instrument dated May 30, 2006,**

**and recorded in Book 30575 and Page 637**

NC CLERK



## NASSAU COUNTY CLERK'S OFFICE
### ENDORSEMENT COVER PAGE

Recorded Date: 10-13-2011
Recorded Time: 10:49:39 a

Record and Return To:
SYLVESTER L HENRY
66 STIRLING AVENUE
FREEPORT, NY   11520

Liber Book: S   6151
Pages From:      132
         To:     134

Control
Number:    694
Ref #:
Doc Type: M43  MERS SAT OF MORTGAGE

Refers to: Book: M 30575 Page: 637

Location:                Section Block      Lot    Unit
HEMPSTEAD (2820)         0054    00337-00  00092
HEMPSTEAD (2820)         0054    00337-00  00093
HEMPSTEAD (2820)         0054    00337-00  00094
HEMPSTEAD (2820)         0054    00337-00  00095

Consideration Amount:       473,800.00

Taxes Total          .00
Recording Totals     131.50
Total Payment        131.50

SDS001

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
MAUREEN O'CONNELL
COUNTY CLERK



2011101300694

NC CLERK

**Recording Requested By:**
SYLVESTER L HENRY

**After Recording, Return To:**
Sylvester: Henry
c/o Non-Domestic (Reference -
DMSMA010.1.2d),
Foreign Mail near:
**66 Stirling Avenue**
city of **Freeport**, **New York** rep.
Without the US

-------Above This Line Reserved For Official Use Only-------

## SATISFACTION OF MORTGAGE

**Wells Fargo Bank, as National Association, as Trustee for Bear Stearns Mortgage Funding Trust 2006-AC1, c/o Wells Fargo Bank of 3476 Stateview Boulevard, Fort Mill, SC 29715 (the "Mortgagee"), does** hereby certify and declare that the owner and holder of that certain mortgage bearing the date May 30th, 2006 executed by **Sylvester L. Henry of 66 Stirling Ave., Freeport, NY 11520 (the "Mortgagor") to secure payment of the principal sum of four hundred seventy three thousand eight hundred ($473,800.00) dollars and interest,** and recorded at the Office of the County Clerk of Nassau County, State of New York on June 6th, 2006, that formerly encumbered the described real property:

**66 Stirling Ave., Freeport, NY 11520, Sec/Blk/Lot 54/337/92-95, Nassau County, District 0803**

which was recorded in Assignor: **Mortgage Electronic Registration System, Inc., 3300 SW 34th Ave., Suite 101, Ocala, FL 34474, as nominee for First Rate Capital Corp. its successors and assigns.** Assignee: **Wells Fargo Bank, National Associaton, as Trustee for Bear Sterns Mortgage Funding Trust 206-AC1, 1200 West Parkland Ave., Milwaukee, WI 53224**
Date: 06/06/2006,Libor 30575, Page 637, $473,800,66 Stirling Ave., Freeport, NY 11520, Sec/Blk/Lot 54/337/92-95.

Assignor: **Wells Fargo Bank, National Associaton, as Trustee for Bear Sterns Mortgage Funding Trust 206-AC1, 1200 West Parkland Ave., Milwaukee, WI 53224. Assignee: HSBC Bank USA National Association, as Successor Trustee to Wells Fargo Bank, N.A. as Trustee for Bear Stearns Mortgage Funding Trust 2006-AC1, 2929 Walden Ave., Depew, NY 14043.**
Date: 07/09/2009, Libor 30575, Page 637, $473,800,66 Stirling Ave., Freeport, NY 11520, Sec/ Blk/ Lot: 54/337/92-95.

Assignor: **Mortgage Electronic Registration System, Inc., 4319 Miller Rd., Flint, MI., as nominee for First Rate Capital Corp., a New York Banking Corporation and its successors and assigns, 1901 E. Voorhees St., Suite C, Danville, IL 61834. Assignee: Wells Fargo Bank, National Association as Trustee for Bear Stearns Mortgage Funding Trust 2006-AC1, c/o Wells Fargo Bank, N.A. 3476 Stateview Boulevard, Ft. Mill, SC 29715.**
Date: 07/29/2008, Libor M 33157, page 263, $473,800, 66 Stirling Ave., Freeport, NY 11520, Sec/Blk/Lot:54/337/92-95.

has been **FULLY SATISFIED AND DISCHARGED.**

**IN WITNESS WHEREOF** the Mortgagee has duly affixed his signature under hand and seal on October 3, 2011.

By: *ELAINE L. CHAO*
It's SECRETARY

Wells Fargo Bank, as National Association, as Trustee for Bear Stearns Mortgage Funding Trust 2006-AC1, c/o Wells Fargo Bank

Mortgage Satisfaction, No SOM-10032011- WF33157, 263, NCNYS-SLH                    Page 1

NC CLERK

STATE OF NEW YORK        )
                         )    **ACKNOWLEDGMENT**
COUNTY OF NASSAU         )

   I, the undersigned, a Notary Public in and for said COUNTY in said STATE, hereby certify that ELAINE L. CHAO, whose name as SECRETARY of WELLS FARGO HOME MORTAGE, is signed to the foregoing mortgage release and who is known to me, acknowledged before me on this day that, being informed of the contents of the mortgage release, she, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal this 3 Day of October, 2011.

– Notary Public Signature Here –

My Commission Expires:   5/1C/11                    (*Place Notary Stamp Above*)

ROSEANN WOJNAROWSKI
Notary Public, State of New York
No. 01RO6196928
Qualified in Nassau County
Commission Expires May 12, 2012

YOUR CLAIM UNDER RESERVATION

BY   Sylvester L. Henry
     Sylvester L. Henry

---

MAUREEN O'CONNELL
**NASSAU COUNTY CLERK**



## OFFICE OF THE COUNTY CLERK
### 240 OLD COUNTRY ROAD
### MINEOLA, NEW YORK 11501-4249
### TELEPHONE: 516 571-2664
### FAX: 516 742-4099
### WWW.NASSAUCOUNTYNY.GOV/AGENCIES/CLERK/

Greetings:

I am pleased to enclose your document (Deed, Mortgage or Satisfaction of Mortgage) recorded by this office. You should keep this document with other important papers for future use. The first page of the document is a receipt for the recording fees which have already been paid. **There are no fees owed by you.**

If the enclosed recorded document is a Satisfaction of Mortgage, please be aware that you need to notify the local Receiver of Taxes in your town, village and/or city to be billed directly for future property tax statements which were previously included in your mortgage payments. **You must contact your local Receiver of Taxes as soon as possible to avoid late charges.** For your convenience, I have provided a quick reference of town and city telephone numbers below.

Again, I am pleased to provide you with the "original" recorded document. Also please be aware that a permanent record of the attached document is retained by this office should you need a certified copy in the future.

For additional information about the services provided by the Office of the County Clerk, visit the website af www.nassaucountyny.gov/agencies/clerk/.

|  **Towns & Cities** | |
| --- | --- |
| **Town of Hempstead** (516) 489-5000 | **City of Glen Cove** (516) 676-2000 |
| **Town of North Hempstead** (516) 869-7646 | **City of Long Beach** (516) 431-1000 |
| **Town of Oyster Bay** (516) 624-6100 | |

Kind regards,

*Maureen O'Connell*

**MAUREEN O'CONNELL**
Nassau County Clerk

Rev. 12/00

# EXHIBIT-B

**Foreclosure Case/Summons for Index Number # 13094/2008.**

STATE OF NEW YORK
SUPREME COURT: COUNTY OF NASSAU
-------------------------------------------------------------X
WELLS FARGO BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR BEAR STEARNS MORTGAGE
FUNDING TRUST 2006-AC1
3476 Stateview Boulevard
Ft. Mill, SC 29715

        **SUMMONS**

        Plaintiff,

        ORIGINAL FILED WITH THE
        CLERK ON 7/16/08

vs.

        INDEX NO.: 13094/08

SYLVESTER L. HENRY, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE
FOR FIRST RATE CAPITAL CORP.,

        Mortgaged Premises:
        66 STIRLING AVENUE
        FREEPORT, NY 11520

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

        SBL #:
        54-337-92,
        54-337-93,
        54-337-94,
        54-337-95

        Defendant(s).
-------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the Complaint in the above captioned action and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State.  The United States of America, if designated as a Defendant in this action, may answer or appear within sixty (60) days of service hereof.   In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

1

**Sending a payment to your mortgage company will not stop this foreclosure action.**

## YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

NASSAU County is designated as the place of trial.   The basis of venue is the location of the mortgaged premises foreclosed herein.

DATED:         July 15, 2008

> Steven J. Baum, P.C.
> **Attorneys for Plaintiff**
> **220 Northpointe Parkway Suite G**
> **Amherst, NY 14228**
> **Tel.: 716-204-2400**

## **PROOF OF SERVICE**

This is to certify that the within and foregoing VERIFIED COMPLAINT shall be delivered to a local sheriff or process severer for proper service upon the following:

TO:

**PLEASE SERVE DEFENDANT BELOW:**
WELLS FARGO BANK N.A.

In care of: Registered Agent
c/o CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

**PLEASE SERVE DEFENDANT BELOW:**
STEVEN J. BAUM, P.C.

In care of: Registered Agent
c/o NATIONAL REGISTERED AGENTS, INC.
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**PLEASE SERVE DEFENDANT BELOW:**
MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS)

In care of: Registered Agent
c/o NATIONAL REGISTERED AGENTS, INC.
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**PLEASE SERVE DEFENDANT BELOW:**

MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS)

In care of: Registered Agent
c/o NATIONAL REGISTERED AGENTS, INC.
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**DEFENDANT(S)**

1. Wells Fargo Bank, N.A...................................................................................................................................
2. Steven J. Baum, P.C...................................................................................................................................
3. Gross Polowy, LLC...................................................................................................................................
4. Mortgag Electronic Registration System...................................................................................................................................

### 1. Wells Fargo Bank, N.A.
*47 Fremont Street, 27th Floor*
*San Francisco, CA 94104*

### 2. Steven J. Baum, P.C.
*170 Via Foresta Lane*
*Williamsville, NY 14221*

### 3. Gross Polowy, LLC
*1775 Wehrle Drive - Ste. # 100*
*Williamsville, NY 14221*

### 4. Mortgag Electronic Registration System
*1818 Liberty Street, Suite 300*
*Reston, VA 20190*

Respectfully this _____, day of June, 2018.

By Beneficiary: _____

Sylvester L. Henry [SYLVESTER L. HENRY]
Plaintiff and Beneficiary to constructive trust

**OF PRO SE COUNSEL**
Sylvester L. Henry, Pro se Plaintiff/Beneficiary
Mr. Sylvester Henry, Ex Rel [SYLVESTER HENRY]
66 Stirling Avenue Freeport, NY 11520